|     |     |
| --- | --- |
|  1  |     |
|  2  |     |
|  3  |     |
|  4  |     |
|  5  |     |
|  6  |     |
|  7  |     |
|  8  | UNITED STATES DISTRICT COURT |
|  9  | FOR THE EASTERN DISTRICT OF CALIFORNIA |
| 10  |     |

| | |
|---|---|
| TOBY JO TODD, | No. 2:16-cv-2496 TLN AC PS |
| Plaintiff, | |
| v. | ORDER |
| MARK TUSS, | |
| Defendant. | |

Plaintiff is proceeding in this action pro se. This matter was accordingly referred to the undersigned by E.D. Cal. R. ("Local Rule") 302(c)(21). Plaintiff is proceeding in forma pauperis ("IFP"), pursuant to 28 U.S.C. § 1915.

On July 10, 2017, the court dismissed plaintiff's complaint at the screening stage, but granted him leave to amend. ECF No. 3. Plaintiff has now filed his first amended complaint ("Complaint"). ECF No. 4.

I. SCREENING

The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Plaintiff must assist the court in determining whether or not the complaint is frivolous, by drafting the complaint so that it complies with the Federal Rules of Civil Procedure ("Fed. R. Civ. P.").

1

Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief sought. Fed. R. Civ. P. 8(a). Plaintiff's claims must be set forth simply, concisely and directly. Rule 8(d)(1).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor. See Neitzke, 490 U.S. at 327; Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

////

A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

## II. THE COMPLAINT

Plaintiff names Mark Tuss as the sole defendant in this lawsuit. ECF No. 4 at 4 ¶ B. The complaint alleges diversity jurisdiction as the basis for federal jurisdiction. See 28 U.S.C. § 1332. A plaintiff properly invokes § 1332 jurisdiction "when she presents a claim between parties of diverse citizenship that exceeds the required jurisdictional amount, currently $75,000." Arbaugh v. Y&H Corp., 546 U.S. 500, 513 (2006); 28 U.S.C. § 1332. Plaintiff assertions that defendant is a citizen of Ohio and his request for relief in the amount of "$75,001 x 12 years" is sufficient to satisfy diversity of citizenship and the amount in controversy requirements. Id. at 5 ¶ B; see also 28 U.S.C. § 1332(a). For screening purposes, the allegations of the complaint are sufficient to establish the court's jurisdiction.

Plaintiff alleges violations of "Due Process, 42 U.S. Code 1983" and "Waiver of Sovereign Immunity." ECF No. 4 at 5 ¶ III. Plaintiff's statement of supporting facts reads, in its entirety, as follows: "[e]very person under color of law is liable to party injured when denied rights." Id.

In its current form, the complaint fails to state a claim for relief. The information provided is conclusory, incomplete, and vague. The complaint does not contain the short and plaint statement required by Rule 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which the defendant engaged in that support plaintiff's claims. Id. Because plaintiff has failed to comply with the requirements of Federal Rules of Civil Procedure 8(a)(2), the complaint must be dismissed.

## III. AMENDING THE COMPLAINT

The amended complaint must contain a short and plain statement of plaintiff's claims. That is, it must state what the defendant did that harmed the plaintiff. The amended complaint

must not force the court and the defendants to guess at what is being alleged against whom. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (affirming dismissal of a complaint where the district court was "literally guessing as to what facts support the legal claims being asserted against certain defendants").

In setting forth the facts, plaintiff must not go overboard, however. He must avoid excessive repetition of the same allegations. He must avoid narrative and storytelling. That is, the complaint should not include every detail of what happened, nor recount the details of conversations (unless necessary to establish the claim), nor give a running account of plaintiff's hopes and thoughts. Rather, the amended complaint should contain only those facts needed to show how the defendant legally wronged the plaintiff.

Also, the amended complaint must not refer to a prior pleading in order to make plaintiff's amended complaint complete. An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 220. This is because, as a general rule, an amended complaint supersedes the original complaint. See Pacific Bell Telephone Co. v. Linkline Communications, Inc., 555 U.S. 438, 456 n.4 (2009) ("[n]ormally, an amended complaint supersedes the original complaint") (citing 6 C. Wright & A. Miller, Federal Practice & Procedure § 1476, pp. 556-57 (2d ed. 1990)). Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

## IV. PLAIN LANGUAGE SUMMARY FOR PRO SE PLAINTIFF

Your complaint is being dismissed and you are being given opportunity to submit a second amended complaint within 30 days. The amended complaint should be "simple, concise, and direct." You should provide information that clearly states (1) the basis for federal jurisdiction, (2) the alleged harm you suffered and how the defendant harmed you, and (3) the relief you are seeking. An amended complaint should briefly provide the necessary information, following the directions above.

////

////

## V. CONCLUSION

For the reasons explained above, IT IS HEREBY ORDERED that:

1. The first amended complaint (ECF No. 4), is DISMISSED with leave to amend;

2. Plaintiff may file an amended complaint within 30 days of the date of this order. If plaintiff files an amended complaint, he must comply with the instructions given above. If plaintiff fails to timely comply with this order, the undersigned may recommend that this action be dismissed for failure to prosecute.

DATED: September 25, 2017

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE