| | |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| TOBY JO TODD a/k/a TIBITHA J. MILLER, | No. 2:16-cv-2496 TLN AC PS |
|---|---|
| Plaintiff, | |
| v. | ORDER & FINDINGS AND RECOMMENDATIONS |
| MARK TUSS, | |
| Defendant. | |

Plaintiff is proceeding in this action pro se and in forma pauperis. This proceeding was referred to the undersigned by E.D. Cal. R. ("Local Rule") 302(c)(21). Plaintiff's original and first amended complaints were previously dismissed for failure to state a claim, and plaintiff was provided opportunities to amend. Plaintiff has now filed a Second Amended Complaint. ECF No. 6.

In his Second Amended Complaint, plaintiff has also included a motion for discovery. ECF No. 6 at 3. However, there has been no service of the complaint. Accordingly, plaintiff's motion for discovery will be denied as premature.

I. SCREENING

The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks

monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Plaintiff must assist the court in determining whether or not the complaint is frivolous, by drafting the complaint so that it complies with the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief sought. Fed. R. Civ. P. 8(a). Plaintiff's claims must be set forth simply, concisely and directly. Fed. R. Civ. P. 8(d)(1).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor. See Neitzke, 490 U.S. at 327; Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the

court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

## II. SECOND AMENDED COMPLAINT

The Second Amended Complaint ("complaint") identifies Mark Tuss as the only defendant in this lawsuit. However, plaintiff does not provide a factual basis for his claims. On the contrary, plaintiff discusses the need for evidence in order to prove the violations committed by the defendant. The complaint reads, in its entirety, as follows:

> The order to amended the complaint before a decision to dismiss is a eyeopener for claimant. Realizing that the end results were all the claimants had to file the suit against Mark Tuss in his individual capa[c]ity as new law enacted in 1992 was enacted. The violation of issues must be introduced with proof. A motion of discovery has been requested from Mark Tuss holder of information for which contents will show facts, merit, and liability. Please do not dismiss.

ECF No. 6 at 2.

## III. ANALYSIS

It is unclear what claims plaintiff is attempting to assert against the defendant. Despite two prior opportunities to amend his complaint, plaintiff has presented no factual allegations from which the court could find that Mark Tuss violated plaintiff's rights. Plaintiff's complaint does not meet the requirement for pleading laid out in Twombly and Iqbal, supra.

When the court finds that a complaint should be dismissed for failure to state a claim, it has discretion to dismiss with or without leave to amend. Lopez v. Smith, 203 F.3d 1122, 1126–30 (9th Cir. 2000) (en banc). Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. Id. at 1130–31; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir.1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (citing Noll, 809 F.2d 1446, 1448). However, if it is clear that a complaint cannot be cured by amendment, the

court may dismiss without leave to amend. Cato, 70 F.3d at 1005–06.

Plaintiff's complaint has been twice dismissed with leave to amend and instructions for so doing. However, the Second Amended Complaint is no closer to stating a claim than were its predecessors. This history demonstrates that either (1) there exist no facts which would state a claim, or (2) plaintiff is unable to follow the directions of the court and present a non-frivolous complaint. Either way, further amendment would be futile. Accordingly, dismissal should be with prejudice.

## IV. CONCLUSION

For the reasons explained above, IT IS HEREBY ORDERED that the motion for discovery (ECF No. 6 at 3) is DENIED as premature.

IT IS HEREBY RECOMMENDED that the Second Amended Complaint is (ECF No. 6) be DISMISSED with prejudice because it fails to state a claim upon which relief can be granted and further amendment would be futile.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty one days after being served with these findings and recommendations, plaintiff may file written objections with the court. Id.; see also Local Rule 304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: January 29, 2018

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

4